Steven W. Hirsch Decatur County Attorney P.O. Box 296 Oberlin, Kansas 67749-0296
Dear Mr. Hirsch:
You inquire whether members of the Northwest Kansas Regional Homeland Security Council (Council) are afforded the protection of Kansas Tort Claims Act (Act) and, as such, may request a defense from the governmental entity responsible for their appointment.
The Northwest Kansas Regional Homeland Security Council (Council) and six other regional councils were created in January 2007 in an effort by the Kansas Commission on Emergency Planning and Response to involve more local officials in identifying potential barriers and improving emergency response.[1] One of the purposes of the *Page 2 
Council is to determine how federal funds are to be spent to improve emergency systems and response.[2] The Council is made up of up to a total of thirty-one members from two distinct groups.[3] The first group is appointees from each of the eighteen counties within the region.[4] The second group consists of thirteen individuals representing the functional disciplines that respond to emergencies.[5]
You inform us that you have been appointed by the Decatur County Commission to fulfill the role as county representative.
Specifically, you ask if the members of the Council are protected by the Act.[6] The Act imposes liability upon a governmental entity for damages caused by the negligent or wrongful acts of its employees while acting within the scope of their employment without actual fraud or actual malice under the same circumstances a private person would be liable. If an employee is named in such a claim, the employee may request a defense from their employer.[7]
The Act defines "governmental entity" to mean the state or a municipality.[8] The Act defines "state" as the "state of Kansas and any department or branch of state government, or any agency, authority, institution or other instrumentality thereof."[9] The Kansas Commission on Emergency Planning and Response (Commission) is a statutorily created body per K.S.A. 65-5721 et seq. One of the duties of the Commission is to "facilitate and advise the division of emergency management, the adjutant general, and other in the preparation and implementation of statewide, interjurisdictional, and local emergency plans prepared in accordance with state and federal law."[10] The Commission as a statutorily created body falls within the definition of a state agency and the Council, as created by the Commission is an instrumentality of that agency.[11]
The Act defines "employee" as: "any officer, employee, servant or member of a board, commission, committee, division, department, branch orcouncil of a governmental entity, including elected or appointed officials and persons acting on behalf or in service of a governmentalentity in any official capacity, whether with or without compensation. . ."[12] Given you serve in both the capacity of a member of the Council and have been directed to act on behalf of Decatur County in your role as their representative on the Council, it appears that your activities fall within the statutory definition of an employee. *Page 3 
Your question regarding whether a member of the Council would be afforded a defense is based upon the factual question whether that person is acting within their scope of employment without actual fraud or actual malice. The court has developed the following test to determine whether an action is within the scope of employment: "(1) whether the act by the employee was done for the employee's personal benefit or in furtherance of the state's business: (2) whether there was express or implied authority to perform the action in question; and (3) whether the employee's act was reasonably foreseeable by the State."[13] We are unable to speculate about future actions, but offer the test as an advisory benchmark.
In conclusion, members of a Regional Homeland Security Council are considered an employee as defined in the Kansas Tort Claims Act and, as such, would be afforded a defense by the appointing authority against any tort claims while acting within the scope of their appointment provide that such employee did not act with actual fraud or actual malice.
Sincerely,

 Derek Schmidt
 Attorney General
 Michael J. Smith
 Assistant Attorney General

DS:AA:MJS:ke
[1] Kansas Commission on Emergency Planning and Response, 2009 Annual Report at 28. The Kansas Commission on Emergency Planning and Response is a statutorily created body per K.S.A. 65-5721 et seq.
[2] id.
[3] Northwest Kansas Regional Homeland Security Council Bylaws, Article V, Section 1.
[4] id.
[5] id.
[6] K.S.A. 75-6101 et seq.
[7] K.S.A. 2010 Supp. 75-6108.
[8] K.S.A. 2010 Supp. 75-6102(c).
[9] K.S.A. 2010 Supp. 75-6102(a).
[10] K.S.A. 65-5722(e).
[11] See Gragg v. Wichita State University, 261 Kan. 1037, 1058 (1997) for a description of state instrumentalities.
[12] K.S.A. 2010 Supp. 75-6102(d)(1). Emphasis added.
[13] Commerce Bank of St. Joseph, N.A. v. State, 251 Kan. 207, 215
(1992). *Page 1